IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD DENNIS MANDEVILLE, 833528,   ) | |
|       Petitioner,   ) | |
| ) | |
| v.   ) | No. 3:10-CV-992-O |
| ) | |
| RICK THALER, Director, TDCJ-CID,   ) | |
|       Respondent.   ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Rick Thaler, Director of the TDCJ-CID.

**Statement of the Case:** Petitioner was convicted of four cases of aggravated sexual assault of a child . *State v. Mandeville*, Nos. F-97-34809, F-97-34810, F-97-34829 and F-97-34831 (282nd Jud. Dist. Ct. June 30, 1998). Petitioner's convictions were affirmed on direct appeal.

Petitioner has previously filed four federal habeas petitions. Petitioner's first petition challenged all four convictions. *Mandeville v. Johnson*, 3:00-CV-2000-H (N.D. Tex.). The petition was dismissed for failure to exhaust state remedies. Petitioner's next three petitions challenged his convictions in cause numbers F-07-34829, F-97-34831and F-97-34809. *Mandeville v. Dretke*, Nos. 3:04-CV-1515-G, 3:04-CV-1516-G and 3:04-CV-1519-G (N.D. Tex.). These petitions were dismissed as barred by limitations.

On May 13, 2010, Petitioner filed the instant § 2254 petition. He argues:

(1) the Court of Criminal Appeals unlawfully denied his habeas writ prior to the trial court scheduling a hearing on Petitioner's claims;

(2) he received ineffective assistance of counsel when:

   (A) counsel failed to investigate the case;

   (B) counsel failed to promptly locate alibi witnesses;

   (C) counsel failed to seek recusal of the trial judge;

   (D) special counsel appointed for the state habeas writ failed to identify himself;

(3) the trial judge failed to take the oath of office; and

(4) Petitioner seeks to incorporate the eight grounds of relief he alleged in his original state habeas petition.[1]

**Discussion:** The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110

---

[1] Petitioner did not submit a copy of his state petition.

Stat. 1214 (1996). An application is second or successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman,* 573 F.3d 214, 220 (5th Cir. 2009) (citing *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000)).

In this case, Petitioner's current petition raises claims that he previously raised in his prior habeas petitions. His current petition also raises claims that were not raised, but could have been raised, in his earlier petitions. His petition is therefore successive under the AEDPA.

To file a second or successive petition, a defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

## RECOMMENDATION:

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED

to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 27th day of May, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).